UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NOS. 2:15-00135
                        2:18-00040

DONAVAN HARDISON

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On February 27, 2020, the United States of America appeared by Ryan A. Saunders, Assistant United States Attorney, and the defendant, Donavan Hardison, appeared in person and by his counsel, Timothy J. LaFon, for a hearing on the petition seeking revocation of supervised release and amendments thereto submitted by United States Probation Officer Patrick M. Fidler. On August 27, 2019, the defendant having commenced a thirty-four (34) month term of supervised release in Criminal Action No. 2:18-00040 to run concurrently to the thirty-four (34) month term of supervised release in Criminal Action No. 2:15-00135, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on August 27, 2019, in Criminal Action Nos. 2:15-cr-00135 and 2:18-cr-00040.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant unjustifiably failed to participate in and successfully complete the Recovery "U" nine (9) to twelve (12) month residential substance abuse treatment program that constituted a special condition of his supervised release in that the defendant violated the rules and regulations of the program when he tested positive for the use of marijuana about one month after his entry into the program, following which he was found by Recovery "U" to have tested positive for the use of K2 on October 16, 2019, and was discharged on that date from the program; and (2) the defendant, whose terms of his supervised release required that he not associate, communicate, and interact with anyone who has been convicted of a felony without first getting permission from the probation officer, was on December 19, 2019, found by law enforcement officers in the rear passenger seat of a vehicle seated next to Levi Carter, a

convicted felon then known by the defendant to be a convicted felon, all despite the explicit direction of the probation officer to the defendant on September 4, 2019, that the defendant not again associate, communicate, and interact with Levi Carter, the defendant having been seen by the probation officer in the company of Levi Carter earlier in the summer of 2019; all as set forth in the petition on supervised release and the amendments thereto and by the court's findings on the record of the hearing.

As to all other violations alleged in the petition, as well as the first and second amendments thereto, the court finds them not proved for the reasons set forth in the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in both of these actions be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of EIGHT (8) MONTHS in each Criminal Nos. 2:18-00040 and 2:15-00135, to run concurrently with each other, to be followed by a term of twenty-six (26) months of supervised release in each Criminal Nos. 2:18-00040 and 2:15-00135, to run concurrently with each other, upon the same terms and conditions as heretofore except that the special condition relating to the nine (9) to twelve (12) month residential substance abuse treatment program prescribed in the court's prior order of August 27, 2019, is not re-imposed.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: March 3, 2020

John T. Copenhaver, Jr.
Senior United States District Judge